## Case No. 6,776.

HOWE v. UNION INS. CO.

[See 42 Cal. 529.]

## Case No. 6,777.

HOWE v. WADE et al.

[4 McLean, 319.] [1]

Circuit Court, D. Ohio. Nov. Term, 1847.

PROMISSORY NOTES — ACTIONS ON — PAYABLE IN DEPRECIATED CURRENCY—RIGHTS OF CREDITOR.

1. Notes given in Illinois for collection, the proceeds to be applied to the payment of a debt

[1] [Reported by Hon. John McLean, Circuit Justice.]

in New York, which notes from the usage and condition of the country, could only be collected in Illinois currency, which was greatly below par in New York; although no special arrangement was made on the subject, the New York creditor is not bound to receive the Illinois notes, but may require the payment to be made in New York in par funds.

2. The agent who made the collections will be allowed his reasonable expenses where suits were brought, commission and the rate of exchange. The agent was one of the New York creditors who were to receive the money collected in proportion to the amount of their claims, but acting as agent for the other New York creditors he is competent, as their agent, to prove the payments to them, under the contract.

At law.

Mr. Chase, for plaintiff.
Mr. Fox, for defendants.

OPINION OF THE COURT. This is a motion for a new trial on two grounds: (1) The verdict is against evidence. (2) The court erred in admitting Fisher Howe to testify as a witness.

From the evidence, it appears that on the 5th of October, 1838, the defendants were indebted to Howe & Co., and the other parties named, in the sum of $4,275.22, and that on the same day Calvin W. Howe & Co. had in their possession funds consisting of promissory notes belonging to defendants amounting to the sum of $4,060, showing a balance due of $215.22 to which if interest be added of $90.39 will make the entire balance due $305.61. At the last term there was a verdict in favor of Kingsland for $386.58, which being added to the verdict in Howe would make the sum of $770. This is 25½ per cent. on the whole amount of the two drafts of Howe & Co., and Kingsland & Company; and it is argued that this is claimed to be occasioned by the difference in exchange, there being no evidence of such difference, and for fees and commissions, without any evidence of payment of commissions, or evidence showing what would be a fair charge for commissions, and it is claimed that no exchange can be recovered unless there was an express contract to cover it.

It must be observed that the securities placed in the hands of Howe & Co., to pay the debts of Howe & Co., and others, all of whom resided in New York, where the debts were contracted and made payable, as of course, consisted of notes of hand on persons in Illinois. Several of these notes could not be recovered by reason of the insolvency of the promisors, and in the collection of others, by suit, expense was incurred. The currency of Illinois only could be obtained on these debts, and the money so soon as it was received entitled the defendants to a credit. And the question is, whether the currency of Illinois, so received, shall be credited at par on the New York debts. The defendants did not insist or intimate to their agents, Howe & Co., that they should receive

nothing but specie or its equivalent, and it was notorious that debts could not be collected in Illinois, in that manner. It was presumed, therefore, that in the collection of the debts by Howe & Co., the currency of the country should be received in payment, as was customary, and they could not expect that such funds would be received at par in the discharge of the New York city debts. So far as these payments are concerned, there must be an allowance of the rate of exchange between Illinois and New York, and as regards the expense of collecting the money, the expense incurred by the employment of counsel, and the payment of costs, by the agents, Howe & Co.; there must also be a charge against the defendants, and also, what shall be a reasonable commission for transacting the business. The notes were not received as money, and they were to be collected by the agents, and the proceeds applied in the discharge of the sum due the defendants' creditors in New York. In this view, the above allowances for expenses, exchange and commission, are proper and equitable. And, without deciding in regard to the right of an allowance for exchange in the amount of the judgment recovered, as the balance due, it may be proper to remark that there was no satisfactory evidence before the jury as to the amount of the exchange and commissions and expenses paid, so that on this ground the verdict will be set aside, which will afford an opportunity to procure evidence on these points. The principle on which exchange is allowed is considered in Weed v. Miller [Case No. 17,-346].

As the decision of the motion is made on the first ground, it is not necessary to consider the second ground, founded upon the error of the court in admitting Fisher Howe to be sworn as a witness, who, it is claimed, was interested in the case.

To understand the application of the objection, the following facts must be stated: Howe & Co., composed of Calvin W. Howe, the plaintiff, and Fisher Howe, the witness, being partners, sold a bill of goods to Lowry, Wade & Co., and took their note, which is now sued on. In 1837, Lowry, Wade & Co., pledged with the plaintiff and witness, notes amounting to $4,000, the amount to be distributed when collected among the following creditors, pro rata, to wit: To C. Howe & Co., $2,289.50; Kelly & Co., $353.19; Kingsland & Co., $1,049.72; to another person, $308.34. The creditors in New York made Howe & Co. their agents to arrange their debts in the best manner that could be done with the firm in Illinois. And Lowry, Wade & Co., made their arrangement with Fisher Howe, under the authority given to Howe & Co. Upward of three thousand dollars were collected in Illinois paper. There was no dispute as to this amount. The controversy was, as to the allowance of exchange, expense of collections in Illinois, and a com-

mission, etc., and the payment to the other New York creditors a rateable proportion of the money received. To prove this payment to the other creditors in New York, Fisher Howe was introduced as a witness. He was objected to, on the ground that he was interested, in being liable jointly with Calvin Howe, his partner, for the payment over of the money received to the other creditors in New York. Before the trial, it appeared that Fisher Howe had dissolved partnership with his brother, and had no further interest in the partnership concern. At this time Fisher Howe assigned one of the notes given by Lowry, Wade & Co., for the payment of the debts due in New York, the other note having been discharged, and Calvin Howe agreed to pay all costs in the controversy with the Illinois firm; and the question is, whether Fisher Howe is an interested witness. As the agent of the creditors and of the debtors, he is a competent witness, unless he be excluded on account of interest in the demand of Calvin Howe & Co., etc.

It is argued, that the witness is responsible with Calvin Howe, his late partner, for the whole amount collected, and the object is to prove by him the payment over to the other New York creditors, a due proportion of the money received. It must be observed, that Fisher Howe acted, in the collection of the money, as the agent of the New York creditors; is he not, therefore, a competent witness to prove the payment of their due proportion of the money collected? Could not Lowry & Co., call him as a witness for this purpose; and was not a payment to Fisher a payment to his principals in New York? And the necessity for this kind of evidence arises from the defense set up by the defendants, that they have paid to Fisher Howe a greater sum than will cover the debt due to Howe & Co. If Fisher Howe, therefore, would be a competent witness to prove these payments in behalf of the defendants, is he not equally competent in this case to establish the same facts? He swears to nothing which can, by any possibility, be given in evidence in his favor hereafter.

The counsel for the defendants refer to the case of Marshall v. Thrailkill's Ex'r, 12 Ohio, 275, in which case one of the makers was offered as a witness by the plaintiff, merely to prove the hand writing of the maker, and it was decided in bank that he was incompetent. And again, in Armstrong v. Deshler, 12 Ohio, 475, the suit was brought on a note signed by several. Lyon, one of the defendants, living in Missouri, was returned not found, and was proved to be insolvent. His co-defendants released him from all contribution, and deposited one hundred dollars with the clerk to cover costs. But the court held that he, on being offered as a witness to prove the note was usurious, was an incompetent witness, because the plaintiffs had a right to look to the witness

for their whole claim, and that the defendants could not release him from liability. This decision was undoubtedly correct; and the witness might have been excluded on another ground, not sanctioned by some courts, but which is an established rule of decision in the supreme court of the United States, that no individual, whose name appears as maker or indorser upon a bill or note, shall be competent to show that it was obtained illegally or given for an unlawful consideration. But that case is not analogous to the point we are considering. Fisher Howe was only liable to the other New York creditors as their agent, and being so liable, does not exclude him from being a witness to prove that he paid the money to them, in a suit between them and the Illinois firm. "An indorser who, as agent, had received money from the acceptor to pay the bill, was a competent witness for the acceptor, in an action against him by a subsequent indorser to prove payment of the bill; for, otherwise the rule would have excluded every witness who had paid money as agent." Reay v. Packwood, 7 Adol. & E. 917.

It will be observed that Fisher Howe was offered to prove, that in discharge of his duties as agent, he had paid to the creditors their proportion of the money received by him, which does not come within the case first cited from 12 Ohio. Whether he would be a competent witness to prove the amount of commissions he was entitled to, is a different question. He was not examined on that point. We think he was a competent witness to prove the fact for which he was called. A new trial is granted at the costs of the defendants.

At a subsequent term the cause was submitted to the court by the counsel, and the court, from evidence, fixed the rate of exchange, commissions, and amount of expense.